ROYAL C. SMITH vs. FRANKLIN KENNEDY.

A letter containing an account, or other statement of business transactions between the parties—rendered by one, to the other, and not objected to within a reasonable time, may be offered in evidence for the purpose of establishing the matters contained in it; and when the genuineness of a written answer to such letter is made an issue in the case, the letter is also admissible, as a circumstance tending to show whether the answer be genuine or forged.

ERROR to the Second Judicial District holding terms for Lewis county.

Opinion by FITZHUGH, Associate Justice.

This cause comes up upon the pleadings and bill of exceptions.

From the case as presented, it appears that in the month of October, 1853, the defendant below, who is also defendant in error, having recently arrived across the plains, came to Monticello, in this Territory, and became indebted to the plaintiff, in the sum of one hundred and twelve ($112) dollars, for the transportation of himself, family and effects, up the Cowlitz river, at the same time giving the plaintiff an order for some cattle which were being driven down the trail to Monticello. Under this order the plaintiff claims to have received the cattle, paying the person bringing them down, a charge, which he asserted against them, of thirty dollars, and during the winter, that he

advanced, or was at an expense of fifty dollars more, for keeping the cattle; for all of which he alleges that he had a lien upon the cattle. He then goes on to state, that being desirous to close up the business, he did, on the 20th of February, 1854, address and sent by mail to the defendant, a letter containing his account, asserting his right to a lien, and making a proposition to purchase. That in due course he received an answer to his letter, by the hands of a man calling himself George Henderson, accepting his proposal, and that he, in consequence, did purchase the cattle from Henderson, acting as agent for the defendant, and then became the owner of them.

The defendant admits the indebtedness of one hundred and twelve dollars, but denies that the cattle were left as a pledge; denies that the person bringing the cattle down had any lawful charge against them, and says that if the plaintiff paid any money he did not pay it at the request of the defendant, but in his own wrong, and he goes on to state that the plaintiff had agreed to keep the cattle without charge.

A part of the evidence only is embodied in the bill of exceptions, and we can only direct our attention to that which, by the bill of exceptions, has been made a part of the record. It appears that Henderson, who brought the alleged answer to the plaintiff's letter, sold Smith the cattle and took up the note of the defendant, and received the balance over and above the plaintiff's charges, amounting to some thirty dollars. The defendant then denying the right of Henderson to sell, came and took the cattle from the place where they were kept, and they were replevied by the plaintiff, but afterward returned to the defendant on his giving bond as required by the statute.

As the case now stands, the defendant, should he succeed, has in his hands the cattle without paying one cent of the hundred and twelve dollars, his original and admitted indebtedness, or any charges upon them, and the plaintiff having surrendered defendant's note to Henderson, who represented himself as agent of said defendant, will have lost all evidence necessary to support his right of action, and be, in fact, loser to the value of the cattle.

It appears by the bill of exceptions, that the plaintiff called the defendant himself upon the stand as a witness, and in the course of the examination, the defendant admitted that he had received the letter of February 20, 1854, addressed to him by the plaintiff, which letter is also made a part of the record. He also states that he did not answer it, whereupon, the plaintiff offered to read the letter to the jury, which was objected to, and ruled out by the Court, to which ruling, and the refusal of the Court to admit the letter in evidence, the plaintiff excepted. This is one of the main grounds of error alleged.

The said letter contains the account of the plaintiff against the defendant, and is utterly inconsistent with any other idea than that the cattle were left as security for the entire account. It also contains an offer upon the part of the plaintiff, specifying the terms upon which he is willing to take the cattle. The letter asserted to be genuine by the plaintiff, and claimed to be a forgery, by the defendant, bears date of 28th February, 1854, acknowledges the receipt of the letter of plaintiff—complains that the cost of keeping is rather high, and accepts the plaintiff's offer to purchase, directing him to pay over the balance that should be coming to the defendant, to one George Henderson, the bearer of the letter.

We think that this letter should have been admitted, on two grounds. In the first place, as the admission of the defendant of the justness of the claim for something for the care of the cattle.

The admissions of a party are always admissible against him; these admissions may be made either directly or by acquiescence in statements which if untrue should be denied. The weight to be given to these admissions or acquiescence must depend upon the particular circumstances of the case.

If A. says to B., you owe C. $100, and B. makes no reply, it cannot ordinarily be considered an admission of the indebtedness to C., because he may refrain from replying to A's statement of the dealings between himself and C., because of the impertinence. But if A. says to B., you owe me $100, and B.

makes no reply, in that case, it would be an admission upon B's part, in ordinary cases, or B. should, and naturally would have denied it if it had not been true.

Admissions may be made by acquiescence, in a written statement, as well as in a verbal one; indeed, if there is any difference in the value of the admissions so made, it is in favor of the admission not denying the written statement, as that is a solemn statement, and one less likely to be misunderstood or forgotten, by the party to whom it was addressed. Had the plaintiff said verbally to the defendant, "you owe me two hundred and twenty dollars, and I wish you would pay it and take away the cattle which I hold as security," there is no question that he might have given this declaration of his own in evidence, together with the reply of the defendant, as an admission of the facts stated in the declaration, and if the defendant made no reply, then the declaration of the plaintiff was equally evidence to show that the defendant acquiesced in it by not denying it. And this doctrine is equally clear, both upon the well established rules of law and the doctrine of common sense, upon which rules of evidence are based, in the case of declarations in writing, traced home to the party. On these principles it has been held, that if A. rendered to B. his account, showing an indebtedness of B. to A., and B., within a reasonable time, (which some courts have held to be two mail days, but which must depend upon the peculiar circumstances of the case in most instances,) does not reply, objecting to it, the account may be given in evidence, and with the silence of the party, be treated as an admission of its justness.

This presents a similar case. An account of the plaintiff, against the defendant is traced to his hands, in which a claim of lien upon the cattle is asserted, and what does the defendant do? Does he reply, denying the indebtedness and the claim? No. He sits down in silence and does not reply, when, had the claim in the letter been *untrue* or *unjust*, he naturally *would* and *should* have done so. We think, that by the ordinary rules of law, the jury might have been justified in considering the conduct of the party as an admission by acquiescence in the claims

set up in the letter, and in order to show what those claims were, and the extent of the admission, the letter itself was the only legitimate evidence, and should have been admitted on this ground.

There is another ground upon which the right to offer the letter in evidence is claimed, which is well worthy of consideration.

The letter received by plaintiff, which is alleged to be a forgery, by the defendant, is in its date and terms precisely an answer to the plaintiff's letter which was offered in evidence, but ruled out. The genuineness of the letter received by plaintiff, by the hands of Henderson, is one of the issues in this case, the plaintiff affirming, and the defendant denying.

It is perfectly evident that had this letter of the plaintiff gone in evidence to the jury, it would have offered strong grounds for a conclusion that there was fraud in the case, to which the defendant must have been a party. If, as the defendant alleged, the letter was a forgery, how was it possible that it could have been so exact an answer to the letter of the plaintiff?

Had the plaintiff's letter been introduced, the jury would have required some explanation from the defendant, as to how a stranger became possessed of the information required to make so complete an answer to the plaintiff's letter; or they must have held, (his declaration to the contrary, notwithstanding) that he did connive with Henderson to obtain from him his note for $112, and receipt for all his claims, that he might afterwards deny the transaction, and when it had become impossible for the plaintiff to produce his note, take the cattle, and professing his willingness to pay, on terms which he knew it impossible for the plaintiff to comply with, and thus commit a fraud.

On this ground the letter should have been admitted, for it is the special duty of courts so to administer justice, that the detection and punishment of fraud should not be impeded by the technical rules of law.

Whether fraud existed or not, was a question for the jury, but the Court should have afforded them the evidence offered, that they might determine more justly.

As we deem the rejection of this testimony sufficient ground for granting a new trial, it is unnecessary for us to express our opinion upon the other points raised.

We therefore order and adjudge, that the judgment of the Court below be, and the same is hereby reversed, and this cause remanded to the District Court of the Second Judicial District for a new trial. Costs to abide the event of the suit.